UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MARY JANE CHOI                                                                                          PLAINTIFF

v.                                                                  CIVIL ACTION NO. 3:08-CV-0057-S

THE STEVENSON COMPANY                                                                      DEFENDANT

## MEMORANDUM OPINION

This matter is before the court on a motion by defendant The Stevenson Company ("TSC") has moved this court to consolidate the above-captioned action with another pending action filed against it by plaintiff Mary Jane Choi ("Choi") (DN 64).

In January 2008, Choi filed a lawsuit (the "2008 action") against TSC alleging that TSC had paid her less than her male colleagues because of her gender in violation of the Equal Pay Act ("EPA"). Choi also claimed that she was fired in retaliation for complaining about the alleged violations in violation of the Fair Labor Standards Act ("FLSA"), and that TSC had engaged in gender discrimination in violation of the Kentucky Civil Rights Act ("KCRA"). Choi later filed a Second Amended Complaint that added a claim for retaliation under the KCRA. Following a pretrial conference on January 19, 2011, the court set Choi's 2008 action for trial beginning on June 6, 2011.

In February 2011, Choi filed a second lawsuit against TSC (the "2011 action"). The gravamen of this complaint was that TSC was retaliating against Choi, who owned several shares of TSC stock, by distributing excess profits as bonuses to employees rather than as dividends to shareholders. Choi claimed that this distribution practice was the result of her decision to file the

2008 action against TSC, and alleged that TSC had violated the FLSA and KCRA and had breached the fiduciary duty it owed to her as a stockholder. TSC has now moved to consolidate both cases and to remand the June 6, 2011 trial date to allow for the completion of discovery in the 2011 action.

Rule 42(a) of the Federal Rules of Civil Procedure provides:

If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

A court deciding whether to consolidate actions must consider whether "the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993) (citing *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)). Whether to consolidate cases involving the same factual and legal questions is a within the discretion of the trial court. *Id.* (citing *Stemler v. Burke*, 344 F.2d 393, 396 (6th Cir. 1965)).

The parties in each of these cases are identical, and both actions share common questions of law and fact. As TSC explains in its brief in support of consolidation:

In the second amended complaint, Choi alleges that [TSC] violated the FLSA by retaliating against her by terminating her employment after she complained about potential violations of the EPA. . . . In the 2011 Lawsuit, Choi alleges that TSC violated the FLSA by retaliating against her "for having filed a lawsuit alleging violations of the FLSA by distributing excess profits rather than as dividends in an effort to reduce or eliminate payments to Choi as a shareholder with the defendant."

> In the second amended complaint, Choi alleges that [TSC] violated the KCRA by subjecting her to less favorable terms and conditions of employment due to her gender, and then retaliating against her after she complained about alleged gender discrimination. . . . In the 2011 Lawsuit, Choi alleges that TSC retaliated against her in violation of the KCRA "for having filed a lawsuit alleging violations of the FLSA by distributing excess profits as bonuses rather than as dividends in an effort to reduce or eliminate payments to Choi as a shareholder with the defendant."
>
> Thus, Choi is alleging that [TSC] has continued to retaliate (albeit in a separate manner) against her in violation of the FLSA and KCRA in the manner it made distributions to shareholders. Choi also alleges, in the 2011 Lawsuit, a breach of fiduciary duty claim relating to the distributions to shareholders.

Motion to Consolidate (DN 64-1) at 3–4 (emphasis omitted).

The court concludes that consolidation of these cases presents little risk of prejudice to either party. Consolidation also presents little risk of confusion to the jury. While it is true, as Choi points out, that consolidation adds additional questions for the jury to consider, the issues presented here are of sufficient simplicity that it seems unlikely that combining the two cases would prove unnecessarily confusing.

Furthermore, any risk of prejudice or confusion is outweighed by the fact that consolidation will eliminate any chance of inconsistent adjudication of common legal or factual issues; will decrease the burden on the parties, witnesses, and judicial resources by eliminating the need for multiple trials; will not unduly prolong the time necessary to conclude the lawsuits; and will result in less overall expense to all concerned.

Accordingly, the court will grant TSC's motion to consolidate these cases. However, the court is not convinced at this time that postponing the trial date, as requested in TSC's motion, is necessary. TSC has stated that the primary witnesses in both cases are the same, and that the only additional witnesses would likely consist of experts to testify as to the value of Choi's stock

and whether profits were properly distributed by TSC. The previously set trial date is still more than five weeks away, and the court will not amend its scheduling order unless the parties show that the consolidated case could not be prepared for trial by this time.

A separate order will issue in accordance with this opinion.